1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN H. LOMBARDI

11               Plaintiff,                        No. 2:12-cv-1610 CKD P

12         vs.

13    SACRAMENTO COUNTY, et al.,

14               Defendants.                       ORDER

15    _____/

16               Plaintiff, a civil detainee in custody of the California Department of Mental

17    Health, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  This

18    proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19    Plaintiff has consented to jurisdiction by United States Magistrate Judge.

20    I.  In Forma Pauperis

21               Plaintiff requests leave to proceed in forma pauperis and has submitted a

22    declaration stating that he is unable to pay the costs of these proceedings.  The declaration meets

23    the requirements of 28 U.S.C. § 1915(a)(1).  The request will be granted.[1]

24    _____

25    [1] Plaintiff is not a "prisoner" within the meaning of the Prison Litigation Reform Act
      ("PLRA") (see 42 U.S.C. § 1997e(a); 28 U.S.C. § 1915(a)(2)).  He therefore is not required to
26    comply with the PLRA's requirement that prisoners seeking to proceed in forma pauperis must
      provide copies of prisoner trust fund account statements, nor the PLRA's requirement that

II.  Screening of Plaintiff's Complaint

The in forma pauperis statute provides that a court "shall dismiss the case at any time if the court determines that... the action or appeal... is frivolous or malicious; ... fails to state a claim upon which relief may be granted; or... seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Plaintiff's complaint will be screened for cognizable claims.

A.      Screening Standards

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to avoid dismissal for failure to state a claim, however, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

prisoners seeking to file civil actions regarding prison conditions must first exhaust available administrative remedies.  See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court construes the complaint in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

        B.      Factual Allegations

Plaintiff is civilly committed pursuant to California's Sexually Violent Predator Act, Welfare and Institutions Code § 6600, et seq. In Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), the Supreme Court recognized that "persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." The court compared civil detainees to pre-trial detainees who cannot be subjected to punitive conditions, but are nevertheless subject to "those restrictions on liberty that [are] reasonably related to legitimate government objectives and not tantamount to punishment." Id. at 320. "[T]he rights afforded prisoners set a floor for those that must be afforded [civil detainees]" (Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds)); therefore, although plaintiff is not a prisoner, the court may refer to the rights of prisoners in order to determine the rights that must be afforded to him.

Plaintiff is normally housed at the Coalinga State Hospital ("CSH"). However, he was temporarily housed at the Sacramento County Main Jail ("SCMJ") from February 27, 2012 until April 19, 2012 to attend court hearings relating to his civil commitment. In general, plaintiff alleges that the conditions of confinement at SCMJ were worse and more restrictive than those at CSH, substantially the same as those experienced by convicted felon inmates, and punitive in nature.

Specifically, during transportation he was compelled to wear a waist chain and metal ankle cuffs which pressed into his ankle bone causing ongoing pain (Dkt. No. 1 at 5); he was held in the booking area and housed with pre-trial criminal detainees and/or sentenced

1  prisoners (Dkt. No. 1 at 5-6, 10); he was forced to stand in a row with prisoners and subjected to

2  strip search and body cavity search procedures (Id.); he was issued a standard issue orange

3  jumpsuit causing him to be indistinguishable from criminal detainees and other prisoners (Dkt.

4  No. 1 at 7); he was housed in a filthy cell with walls covered by mucus, blood and smeared feces

5  without access to adequate cleaning supplies (Dkt. No. 1 at 7-8); he suffered from isolation, lack

6  of outdoor recreation and lack of entertainment due to his cell doors being locked (Dkt. No. 1 at

7  8, 10, 12); he was denied daily showers, shaves, and adequate clean clothing (Dkt. No. 1 at 8,

8  12); he did not receive access to sex offender or other mental health treatment, programs, or

9  groups (Dkt. No. 1 at 9-10); he was not allowed to bring his personal property including

10  electronics, books/magazines, photographs, etc. (Dkt. No. 1 at 11); and he was issued inadequate

11  bedding supplies and a mattress that did not support his body weight (Dkt. No. 1 at 12-12).

12  Plaintiff alleges these conditions violated his rights under the Fourth, Fifth, and Fourteenth

13  Amendments to the United States Constitution, Article I of the California Constitution, and other

14  unspecified federal and state laws.  Dkt. No. 1 at 14.

15          C.      Defendants

16          Section 1983 provides a cause of action for the violation of constitutional or other

17  federal rights by those acting under color of state law.  E.g., Patel v. Kent School Dist., 648 F.3d

18  965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's

19  complaint names two defendants: the County of Sacramento, California, and Scott Jones,

20  Sacramento County Sheriff.

21          Counties and municipal government officials are among those "persons" to whom

22  section 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 & n.54

23  (1978) (noting that Eleventh Amendment immunity does not extend to suits against local

24  municipal governments)); see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th

25  Cir. 1989).  However, a local government unit is not responsible for the acts of its employees or

26  officials under a respondeat superior theory of liability; liability must rest on the actions of the

4

1   municipality itself.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Stated

2   differently, "[i]t is only when the execution of the government's policy or custom... inflicts the

3   injury that the municipality may be held liable under § 1983."  Canton v. Harris, 489 U.S. 378,

4   385 (1989).  In order to assert municipal liability, therefore, a plaintiff must allege that the

5   constitutional deprivation complained of resulted from a policy or custom of the municipality.

6   See Id.

7          A county sheriff may also act under color of state law for purposes of section

8   1983.  E.g., West v. Atkins, 108 S.Ct. 2250, 2256 (1988) ("generally, a public employee acts

9   under color of state law while acting in his official capacity or while exercising his

10  responsibilities pursuant to state law.").  Like municipalities, "[g]overnment officials may not be

11  held liable for the unconstitutional conduct of their subordinates under a theory of respondeat

12  superior."  Id. at 676; see also Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit... the term

13  "supervisory liability" is a misnomer.  Absent vicarious liability, each Government official, his or

14  her title notwithstanding is only liable for his or her own misconduct.").

15         When the named defendant holds a supervisory position, the causal link between

16  the defendant and the claimed constitutional violation must be specifically alleged; that is, a

17  plaintiff must allege some facts indicating that the defendant either personally participated in or

18  directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

19  to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880

20  F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Here,

21  plaintiff alleges that Jones is responsible for the administration, operation, and supervision of the

22  Sacramento County Sheriff's Department and that he is the final policy maker for the County of

23  Sacramento.  Dkt. No. 1 at 3.

24         Plaintiff asserts 23 causes of action against the two named defendants.  As will be

25  discussed, some of the causes of action fail to state a cognizable claim while others overlap in

26  their allegations.  For screening purposes, the court finds plaintiff has stated claims as follows.

D.     Plaintiff's Claims

1.     Procedural Due Process

The Due Process Clause of the Fourteenth Amendment provides, "No State shall... deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1.  The procedural due process component protects individuals against the deprivation of liberty or property by the government without due process.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).  Because plaintiff is a civil detainee, some curtailment of his rights must be expected.  Hydrick v. Hunter, 500 F.3d 978, 991 (9th Cir. 2007) (overruled on other grounds).

A cognizable section 1983 claim based on procedural due process "has three elements: (1) a liberty or property interest protected by the Constitution, (2) a deprivation of the interest by the government, and (3) lack of process." Portman, 995 F.2d at 904.  Thus, to state a claim for deprivation of procedural due process, plaintiff must first establish the existence of a constitutionally protected property interest." E.g., Bd. of Regents v. Roth, 408 U.S. 564, 569, 577 (1972); see also Washington v. Harper, 494 U.S. 210, 220 (1990).  "[S]tate created rights may give rise to liberty interests that may be enforced as a matter of federal law." Pearson v. Muntz, 606 F.3d 606, 609 (9th Cir. 2010) ) (per curiam) (citing Wilkinson v. Austin, 545 U.S. 209, 221 (2005)).  Yet "not all state-created rights rise to the level of a constitutionally protected interest." Brady v. Gebbie, 859 F.2d 1543, 1548 n. 3 (9th Cir. 1988).  The question whether a state-created right triggers constitutional protections is a question of federal constitutional law. Id.  In order for a liberty or property interest to be protected by the due process clause, a plaintiff must have a "legitimate claim of entitlement" in the interest, as opposed to a mere "unilateral expectation." Id., see also Roth, 408 U.S. at 577.

Plaintiff's first cause of action states that he was deprived of property interests in violation of procedural due process but does not identify any particular liberty or property interests of which he was allegedly deprived. Dkt. No. 1 at 15.  Likewise, his twelfth cause of

6

action alleges the deprivation of general, unspecified "rights and privileges as guaranteed by the State of California, or the State Department of mental Health..." Dkt. No. 1 at 21-22. These conclusory allegations which fail to identify the alleged liberty or property interests at issue are insufficient to state a cognizable claim. See Iqbal, 129 S.Ct. at 1949.

Elsewhere, plaintiff identifies specific rights under state law of which he was allegedly deprived. In his ninth cause of action, he alleges that defendants' policies, practices, and customs deprived him of his right to be free from unreasonable searches and seizures under Article 1, § 13 of the California Constitution. Dkt. No. 1 at 21. In his tenth cause of action, he alleges that defendants' policies, practices, and customs deprived him of his rights under section 2620 of the California Penal Code. Dkt. No. 1 at 21-22. In his causes of action designated thirteen through twenty-three, he alleges that he was deprived of his rights under sections 883(b)(1) through 883(b)(11) of the California Code of Regulations. Dkt. No. 1 at 23-29.

Based on these allegations, plaintiff may proceed with a claim against defendant County of Sacramento and defendant Jones that defendants' policies, procedures and customs deprived him of the state-created rights identified herein without due process of law. To prevail on such a claim, plaintiff will have to show that he has a legitimate claim of entitlement flowing from the alleged state-created rights, in addition to the other required elements. See Roth, 408 U.S. at 577.

## 2.    Substantive Due Process

"Substantive due process protects individuals from the arbitrary deprivation of their liberty by government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). A substantive due process claim requires proof of two elements. First, "because there is no general liberty interest in being free from capricious government action," "a plaintiff must show a government deprivation of life, liberty, or property." Id. (citing Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004)). Second, because "only the most egregious official conduct can be said to be arbitrary in a constitutional sense," a plaintiff must also show

1    "conscience shocking behavior by the government," i.e., "conduct intended to injure in some way

2    unjustifiable by any governmental interest." Id. (citing County of Sacramento v. Lewis, 523 U.S.

3    833, 846 (1998)).

4         Conditions of confinement claims raised by detainees who are not adjudicated

5    criminals are analyzed under the Fourteenth Amendment substantive Due Process Clause, rather

6    than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Frost v.

7    Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); c.f. Estelle v. Gamble, 429 U.S. 97, 104 (1976)

8    (holding that Eighth Amendment scrutiny applies to claims of cruel and unusual punishment

9    regarding conditions of confinement asserted by convicted prisoners).  Nevertheless, comparable

10   standards apply, with Fourteenth Amendment analysis borrowing from Eighth Amendment

11   standards. Frost, 152 F.3d at 1128; Redman v. County of San Diego, 942 F.2d 1435, 1440-41 &

12   n.7 (9th Cir. 1991) (discussing pre-trial detainees); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.

13   1996) ("[D]ue process rights are at least as great as the Eighth Amendment protections available

14   to a convicted prisoner.").  To prevail on a substantive due process claim, plaintiff must establish

15   that the restrictions imposed by his confinement at SCMJ constituted punishment as opposed to

16   being incident to legitimate governmental purposes based on an assessment of whether the

17   restriction appears excessive in relation to the purpose. Bell, 441 U.S. at 538.

18         Here, plaintiff's second cause of action alleges general violations of substantive

19   due process based on defendants' policies, practices, and customs which resulted in plaintiff

20   being subjected to the conditions of confinement described in his complaint.  Dkt. No. 1 at 15.

21   Similarly, his eleventh cause of action asserts "violations of the Eighth Amendment incorporated

22   through the Fourteenth Amendment of the United States Constitution" based on the conditions of

23   confinement described in his complaint. Dkt. No. 1 at 22.  For screening purposes, plaintiff has

24   stated a cognizable claim against defendant Sacramento County and defendant Jones that

25   defendants' policies, practices, and customs subjected him to conditions of confinement that

26   violated his substantive due process rights.  For the reasons discussed, he may not proceed on a

8

1  separate claim premised on an alleged violation of the Eighth Amendment.

2                         3.        Equal Protection

3            The Equal Protection Clause requires that persons who are similarly situated be

4   treated alike.  City of Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal

5   protection claim may be established by demonstrating that the defendant intentionally

6   discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class,

7   such as race.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Thornton

8   v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).  In his fourth cause of action, plaintiff

9   alleges that he is part of a suspect classification based on his commitment under the Sexually

10  Violent Predator Act.  Dkt. No. 1 at 16-17.  However, detainees committed under the sexually

11  violent predator act are not a suspect class for purposes of equal protection.  Allen v. Mayberg,

12  2010 WL 500467 *4 (E.D. Cal. 2010) (citing Harper v. Va. State Bd. of Elections, 383 U.S. 663,

13  670 (1966) and Police Dep't of Chicago v. Mosley, 408 U.S. 92, 92 (1972)); see also United

14  States v. LeMay, 260 F.3d 1018, 1030 (9th Cir. 2001) ("Sex offenders are not a suspect class."),

15  cert. denied, 534 U.S. 1166 (2002).

16           Where no suspect class is implicated, but fundamental interests are at issue, some

17  courts have applied a "heightened" scrutiny standard.  See Young v. Weston, 176 F.3d 1196,

18  1201 (9th Cir. 1999) (evaluating sexually violent predator statutes against an alleged equal

19  protection violation under a "heightened scrutiny standard") (rev'd on other grounds by Seling v.

20  Young, 531 U.S. 250 (2000)); see also Skinner v. Oklahoma, 316 U.S. 535, 541 (1942).

21  Otherwise, in order to satisfy equal protection, the challenged classification or action generally

22  need only bear "some rational relation to a legitimate state interest."  Village of Willowbrook v.

23  Olech, 528 U.S. 562, 564 (2000); Nelson v. City of Irvine, 143 F.3d 1196, 1205 (9th Cir. 1998)

24  ("Unless a classification trammels fundamental personal rights or implicates a suspect

25  classification, to meet constitutional challenge the law in question needs only some rational

26  relation to a legitimate state interest.").  Under this theory, a plaintiff must allege: (1)

membership in an identifiable class; (2) intentional different treatment from others similarly situated; and (3) that there was no rational basis for the difference in treatment.  See Village of Willowbrook, 528 U.S. at 564 (recognizing also that some successful equal protection claims have been brought by a "class of one").

Plaintiff's third cause of action alleges that defendants' policies, practices, and customs subjected him to worse conditions than other civil detainees who were not housed at SCMJ, and worse conditions than pre-trial criminal detainees and inmates who were serving criminal sentences at SCMJ. Dkt. No. 1 at 16.  In his fourth cause of action, he additionally alleges that there was no rational basis for his differential treatment and that he was further denied his fundamental right to mental health treatment which gives him a realistic opportunity to be cured and released.  Dkt. No. 1 at 16-17.  Plaintiff may proceed with an equal protection claim against defendant County of Sacramento and defendant Jones.

### 4.   Other Allegations under the Fourteenth Amendment

Plaintiff's fifth cause of action alleges a violation of the Fourteenth Amendment based on restrictions "that did not permit him to enjoy the common rights retained by the people" and "those common law rights which are not specifically enumerated in the Constitution."  Dkt. No. 1 at 17.  Plaintiff fails to identify the particular rights at issue or provide any other details. This cause of action fails to state a cognizable claim for relief.

Plaintiff's sixth and seventh causes of action allege violations of the Fourteenth Amendment by "defendants in supervisory positions" based on a failure to adequately supervise (sixth cause of action) and a failure to adequately train (seventh cause of action) employees, agents, representatives, and contractors so as to ensure compliance with the law.  Dkt. No. 1 at 18-20.

It has already been determined that plaintiff stated a cognizable claim under the Fourteenth Amendment against the county by alleging that constitutional deprivations resulted from the county's policies, practices, and customs, and against defendant Jones, by alleging that

1  Jones essentially directed the alleged deprivations or knew of them and failed to act to prevent

2  them.  A separate and distinct cause of action against defendants for their alleged failure to

3  supervise and train others is not cognizable, since neither a local government unit nor a

4  supervisory official is responsible for the acts of employees or officials under a respondeat

5  superior theory of liability.  See Bd. of County Comm'rs, 520 U.S. at 403 (municipality); Iqbal,

6  556 U.S. at 677 (supervisory official).

7              4.      Strip Search

8              The Fourth Amendment and Article I, § 13 of the California Constitution both

9  guarantee "[t]he right of the people to be secure... against unreasonable searches and seizures."

10  The federal right has been held to extend to incarcerated prisoners, therefore it extends to civil

11  detainees as well.  See Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007) (overruled on other

12  grounds).  The "reasonableness" of a search is a fact-sensitive inquiry to be determined by

13  reference to the context of the detention.  See Michenfelder .v Sumner, 860 F.2d 328, 332 (9th

14  Cir. 1988) (citing Bell, 441 U.S. at 558).

15             Plaintiff's eighth cause of action alleges violations of the Fourth, Fifth, and

16  Fourteenth Amendments of the United States Constitution and Article I, § 13 of the California

17  Constitution based on defendants' policies, practices, and customs which caused plaintiff to be

18  subjected to an unreasonable and punitive strip search.

19             Plaintiff's allegations of an unreasonable and punitive strip search suffice to state

20  a claim under the Fourth Amendment and also a supplemental state law claim.  In addition, these

21  allegations may be relevant to his claim that his conditions of confinement violated his rights

22  under the due process clause of the Fourteenth Amendment, *supra*.  Plaintiff fails to state a

23  cognizable cause of action under the Fifth Amendment.

24        E.      Conclusion

25             In sum, plaintiff's complaint states cognizable claims for relief pursuant to 42

26  U.S.C. § 1983 against defendant County of Sacramento and defendant Jones as follows: (1)

defendants' policies, procedures and customs deprived him of state-created rights identified herein without due process of law; (2) defendants' policies, practices, and customs subjected him to conditions of confinement that violated his substantive due process rights; (3) defendants' policies, practices, and customs subjected him to conditions of confinement that violated his right to equal protection of the laws; and (4) defendants' policies, practices, and customs subjected him to an unreasonable strip search in violation of the Fourth Amendment and state law.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

All other intended claims are dismissed for the reasons discussed.  At this time, plaintiff may elect to proceed on the cognizable claims identified above; or, in the alternative he may elect to amend his complaint to attempt to cure some or all of the deficiencies in the dismissed claims.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Plaintiff is not required to file an amended complaint, but the court will construe his failure to file an amended complaint as his consent to dismiss the deficient claims with prejudice and proceed only on the cognizable claims identified above.  Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process on the defendants.

Amendments to complaints are governed by Fed. R. Civ. P. 15.  If plaintiff chooses to amend his complaint to attempt to state a cognizable claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  As set forth, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby notified that Local Rule 220 requires an amended complaint to be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint "supersedes the original, the latter being treated thereafter as non-existent."  See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).  Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is GRANTED.

2.  All claims except those identified as cognizable in subsection E of this order, supra, are dismissed with leave to amend.

3.  Plaintiff is granted 30 days from the date of service of this order to amend his complaint to cure any deficiencies outlined in this order.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as his consent to dismissal of the claims found to be non-cognizable.

4.  If plaintiff elects to amend, the amended complaint shall bear the docket number assigned to this case, and shall be labeled "First Amended Complaint."

////
////
////
////
////
////

1        5.  Upon the filing of an amended complaint or expiration of the time allowed

2  therefor, the court will make further orders for service of process upon the defendants as

3  appropriate.

4   Dated: November 26, 2012

5
                                                    CAROLYN K. DELANEY
6                                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10   8
     lomb1610.B
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26